# EXHIBIT D

## AMERICAN ARBITRATION ASSOCIATION
### Commercial Arbitration

HOWARD STANLEY FLINT, JR., and )
CYPRUS MEDITERRANEAN )
AMALGAMATED, Claimants ) Case No. 57 148 00083 13
vs. )
 )
HARLEY-DAVIDSON CREDIT CORP., et al., )
        Respondents. )

### MOTION FOR FEES INCURRED DUE TO ARBITRATION

Respondent Harley-Davidson Credit Corp. ("HDCC") hereby requests an award of all arbitrator's fees and administrative fees paid by it in connection with the above-referenced matter, as well as all of its reasonable attorneys' fees incurred in connection therewith. HDCC is entitled to such an award pursuant to American Arbitration Association ("AAA") Rule 58, which permits an arbitrator to "order appropriate sanctions where a party fails to comply with its obligations under these rules or with an order of the arbitrator."

Sanctions awarding HDCC its fees and expenses incurred in connection with this arbitration are appropriate in light of Claimant Flint's persistent refusal to obey the directives of the arbitrator, as well as the clear frivolity of his claims, including his violation of AAA rules by continuing to pursue claims against numerous parties without a valid arbitration agreement. Claimant Flint's pattern of conduct in this arbitration has demonstrated that he has consciously acted with the bad faith intention to delay the parallel federal proceeding and thus HDCC's ability to obtain an award or judgment against Flint for his default under HDCC's agreements with Flint.

Specifically, this conduct includes – but is by no means limited to - the following:

-Filing this arbitration proceeding several weeks prior to filing his motion to compel arbitration in the parallel federal proceeding.

- Naming as respondents HDCC's attorneys in the parallel federal proceeding despite a lack of an arbitration agreement with such attorneys and a transparent lack of a legitimate cause of action in a clear attempt to retaliate against HDCC's attorneys for seeking to enforce HDCC's rights in the parallel federal action.

- Naming every conceivable Harley-Davidson entity as a Respondent despite a complete lack of any allegation against entities other than HDCC, Eaglemark Savings Bank, and Harley-Davidson Financial Services and a complete lack of an arbitration agreement with such other entities, in a clear attempt to harass HDCC for attempting to enforce its rights under its agreements with Flint and CMA.

- Persistently refusing to abide by deadlines set by the arbitrator in the First, Second, and Third Interim Orders, including refusal to at any time clarify his claims against the Respondents.

Now, perhaps realizing that his ability to avoid clarifying his non-existent "claims" against HDCC, HDFS, Eaglemark Savings Bank, HDCC's attorneys in the federal proceedings, and the other Harley-Davidson entities was about to come to an end, Flint Junior has suddenly voluntarily dismissed all such claims even as he has not withdrawn his motion to compel arbitration in the federal proceeding. Although Respondents welcome the end of this phase of the drama, it is clear that Flint's voluntary dismissal of his "claims" is an implicit acknowledgement that at no time did he possess any such claims and that this arbitration was filed primarily to harass HDCC and delay HDCC's ability to recover the proceeds owed it. Respondents cannot but wonder whether this voluntary dismissal without prejudice is being made primarily to permit Flint to file yet another arbitration in the hopes of escalating HDCC's expenses in the pursuit of its collection efforts ever-further. As such, HDCC believes it essential that Flint be deterred from any further frivolous filings against HDCC, its attorneys, or its affiliates through the imposition of sanctions in this arbitration, namely an award of all fees paid by HDCC in this arbitration to the AAA, as well as all reasonable attorneys' fees incurred therein.

WHEREFORE, Respondent HDCC respectfully requests the entry of an award ordering Claimant to reimburse HDCC for all administrative and arbitrator fees paid to the AAA by HDCC, as well as permitting it to obtain reimbursement for its attorneys' fees incurred in connection with the instant arbitration, which HDCC shall submit for approval upon the Arbitrator's ruling on the instant motion.

Respectfully submitted,

*/s/ Mark W. Thompson*

Mark W. Thompson
WONG FLEMING, PC
Attorneys for Respondent Harley-Davidson Credit Corp.