UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HARLEY DAVIDSON CREDIT CORP.,

                  Plaintiff,

vs.                                        Case No. 13-cv-2026-KHV-TJJ

HOWARD S. FLINT JR., et al.,

                  Defendants.

## MEMORANDUM AND ORDER

The Court has before it the following five motions:

1. Defendants Howard S. Flint Jr. and Cyprus Mediterranean Amalgamated, LLC's Motion for a Short Extension of the Trial and Discovery Response Deadlines (ECF No. 42), filed on August 27, 2013;

2. Plaintiff's Motion for Sanctions or to Compel Answers to Requests for Admission, Interrogatories and Requests for Production of Documents (ECF No. 52), filed on December 9, 2013;

3. Plaintiff's Amended Motion for Sanctions or to Compel Answers to Requests for Admission, Interrogatories and Requests for Production of Documents (ECF No. 58), filed on December 16, 2013;

4. Plaintiff's Motion for Sanctions and to Compel Answers to Deposition Questions (ECF No. 65), filed on January 9, 2014; and

5. Plaintiff's Motion for Extension of Discovery End-Date for a Period of 45 Days until March 1, 2014 (ECF No. 70), filed on January 15, 2014.

For the reasons set forth below, the Court concludes that the Motion for a Short Extension of the Trial and Discovery Response Deadlines (ECF No. 42) is moot, the Motion for Sanctions or to Compel Answers to Requests for Admission, Interrogatories and Requests for Production of Documents (ECF Nos. 52) is moot, the Amended Motion for Sanctions or to Compel Answers to Requests for Admission, Interrogatories and Requests for Production of Documents (ECF No. 58) should be granted in part and denied in part, the Motion for Sanctions

and to Compel Answers to Deposition Questions (ECF No. 65) should be denied without prejudice, and the Motion for Extension of Discovery End-Date for a Period of 45 Days until March 1, 2014 (ECF No. 70) should be granted.

I. **Motion for a Short Extension of the Trial and Discovery Response Deadlines (ECF No. 42)**

In their Response to Plaintiff's Emergency Motion to Compel to Withdraw Arbitration Claim, Flint Jr. and Cyprus Mediterranean Amalgamated, LLC ("CMA") also moved for a short extension of the trial and discovery response deadlines, until the Court could resolve their pending Motion to Stay Proceedings and Compel Arbitration (ECF No. 31). Plaintiff opposed the motion, which remains unresolved. Upon review, the Court concludes that the motion is moot.

Flint Jr. and CMA requested a "very short extension" and stated that they "ha[d] not and w[ould] not serve discovery requests on any party while awaiting the Court's decision." The discovery at issue, Plaintiff's First Sets of Requests for Admissions, Interrogatories, and Requests for Production of Documents, were served on Flint Jr. and CMA on June 24, 2013. Amended versions of the discovery requests were then served to Flint Jr. and CMA on June 27, 2013, with responses remaining due by July 24, 2013. On July 18, 2013, Plaintiff consented to a thirty-day extension of the deadline to respond, to August 29, 2013. The motion at issue (ECF No. 42) was filed on August 27, 2013, prior to the deadline to respond as extended by consent.

Thereafter, on October 31, 2013, Plaintiff moved to extend the deadline to complete discovery to a date 60 days after the Court ruled on the pending motion to compel arbitration, with the consent of all parties.[1] This subsequent motion basically requested the same relief as the instant motion. The Court denied the extension as requested and instead granted an extension

---

[1] Mot., Oct. 31, 2013 (ECF No. 47).

of the deadline to complete discovery on factual issues to December 27, 2013. On December 5, 2013, with the consent of all parties, Flint Jr. and CMA moved for a second extension of the factual discovery deadline to January 15, 2013, which the Court granted. Thereafter, on December 16, 2013, Flint Jr. and CMA served discovery requests on Plaintiff.[2] Plaintiff served its responses to those discovery requests on January 15, 2014.[3]

The Court finds that Flint Jr. and CMA's request for an extension of the discovery response deadline is moot as a result of the subsequent motions for, and orders granting, extensions of the deadline to complete discovery on all factual issues. These subsequent motions were made with the consent of all parties, and specifically contemplated the pending discovery requests at issue. Further, the first subsequent motion requested basically the same relief as the instant motion. And further, Flint Jr. and CMA have since served their own discovery requests on Plaintiff. As a result, the Court concludes that the request of Flint Jr. and CMA for a short extension of the trial and discovery response deadlines is moot.

## II. Amended Motion for Sanctions or to Compel Answers (ECF No. 58)

Plaintiff alleges that Flint Jr. and CMA failed to respond to its Requests for Admission, Interrogatories and Requests for Production of Documents. As a result, Plaintiff requests that the Court enter default judgment against them and/or strike their answers as sanctions. In the alternative, Plaintiff requests an order compelling Flint Jr. and CMA to respond to Plaintiff's requests for admission, interrogatories, and requests for production of documents within seven days. Plaintiff also moves for an award of its reasonable expenses incurred in making the Motion, including attorney's fees. CMA and Flint Jr. filed separate Responses to the Amended

---

[2] Notice of Service of Disc., Dec. 16, 2013 (ECF No. 59).
[3] Cert. of Service, Jan. 15, 2014 (ECF No. 69).

Motion (ECF Nos. 63 and 66), requesting that the Court either deny the motion as untimely, or find that their failure to respond was substantially justified.

Upon review, the Court finds that the parties did communicate and, apparently, agree upon several extensions by which Flint Jr. and CMA would respond to the discovery requests at issue. In fact, Plaintiff cites this as some basis for its rather significant delay in filing the subject motion to compel. However, Flint Jr. and CMA ultimately failed to serve their discovery responses, which are now well overdue. Given this factual background, the Court concludes that Plaintiff's motion for sanctions and for reasonable expenses should be denied, but that Flint Jr. and CMA should be ordered to respond to Plaintiff's discovery within seven days of the date of this order.

A. **Timeliness of Motion**

There is no dispute that Flint Jr. and CMA have not responded to the discovery at issue. Flint Jr. and CMA argue, however, that Plaintiff's motion is untimely. Specifically, they argue that their responses were due no later than August 29, 2013 per Plaintiff's consent. As such, they claim that under D. Kan. Rule 37.1(b) any motion to compel their responses was due within thirty days of this date, or by September 28, 2013. Therefore, they argue the instant motion, filed on December 16, 2013, is untimely.

Based on the parties' actions, the Court does not find the motion to be untimely. First, prior to the alleged response deadline of August 29, 2013, Flint Jr. and CMA moved for an extension of that deadline to respond. That motion was technically still pending at the time the instant motion was filed. In addition, the parties filed two consent motions to extend the discovery deadline in the case, specifically contemplating Flint Jr. and CMA's refusal to respond to the discovery requests at issue. Those two motions were each granted, extending the deadline

for factual discovery to January 15, 2014. Based on the foregoing, the Court finds that Plaintiff's motion, filed on December 9, 2013 originally, and on December 16, 2013 as amended, was timely filed.

Therefore, as a result of Flint Jr. and CMA's failure to respond to the discovery at issue, and upon Plaintiff's timely motion to compel their responses, the Court concludes that Flint Jr. and CMA should be ordered to respond to Plaintiffs' discovery within seven days of the date of this Order.

B.  **Motion for Sanctions and Substantial Justification**

Regarding the motion for sanctions, under Fed R. Civ. P. 37(d), the court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." The Court finds that Flint Jr. and CMA were properly served with Plaintiff's Requests for Admission, Interrogatories and Requests for Production of Documents, as evidenced by their request for an extension of time to respond to said discovery. Further, the Court finds that they have yet to respond to the discovery. Flint Jr. and CMA did, however, move for the aforementioned extension of time to respond to the discovery prior to the instant motion. Technically, that motion for an extension of time was still pending and had yet to be resolved by the Court at the time the instant motion was filed. Additionally, as noted above, the parties did agree to several extensions. Under these circumstances, although the Court finds that Flint Jr. and CMA failed to respond to the discovery at issue, the Court finds and holds that an award of sanctions would be unjust. Thus Plaintiff's motion for sanctions should be denied. For the same reason, Plaintiff's request for expenses should also be denied.

**III. Motion for Sanctions and to Compel Answers to Deposition Questions (ECF No. 65)**

Plaintiff alleges that Flint Jr. refused to answer the majority of questions asked by Plaintiff's counsel at deposition on December 17, 2013. Thus, Plaintiff requests an order for sanctions against Flint Jr. In the alternative, Plaintiff requests an order compelling Flint Jr. to respond to Plaintiff's deposition questions at a rescheduled deposition, with all of the costs of attendance at Flint Jr.'s expense. Plaintiff further requests its expenses incurred in making the motion, including attorney's fees. Flint Jr. responds that he participated in good faith with the deposition.[4] Upon review, the Court concludes that the Motion should be denied without prejudice to refiling.

Pursuant to Fed. R. Civ. P. 30(b)(6), Defendant Howard S. Flint Sr. served his notice to depose Flint Jr. on December 17, 2013 at 10:00 a.m.[5] Flint Jr. appeared for the deposition on said date. Flint Jr. did not answer the majority of questions posed to him at deposition by counsel for Plaintiff.[6] As his basis for refusing to answer the questions, Flint Jr. asserted either that the question was irrelevant, or that he was not required to answer the question because Plaintiff has failed to state a claim under Rule 12(c).[7] On January 9, 2013, Plaintiff filed the motion at issue.

Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(i), a party seeking discovery may move for an order compelling an answer if a deponent fails to answer a question asked at oral deposition. Rule 37(a)(1) requires that a party moving to compel discovery include in its motion a certification that the movant has in good faith conferred or attempted to confer with the party in an effort to secure the discovery without court action. Similarly, D. Kan. Rule 37.2 provides that

---

[4] *See* Resp. at 3, Jan. 13, 2014 (ECF No. 66).
[5] Notice of Dep., Nov. 27, 2013 (ECF No. 49).
[6] *See* Ex. A at 74-117, Jan. 9, 2014 (ECF No. 65-1)
[7] *Id*.

"[t]he Court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion." A "reasonable effort to confer" means more than mailing, faxing, or emailing a single letter to the opposing party; "[i]t requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so."[8]

Upon review, Flint Jr. has not presented any valid legal bases for his refusal to answer Plaintiff's questions. The rules applicable to depositions are clear. A witness may state an objection, which will be noted on the record, but the witness must then answer the question.[9] A witness may not refuse to answer a question at deposition on the basis of relevance.[10] Further, Rule 30 provides no basis to refuse to answer a question based on a belief that the plaintiff has failed to state a claim under Rule 12(c) or Rule 12(b)(6). Here, Flint Jr. stated his objections, but then refused to answer the questions. His refusal to answer violated his obligation to submit to discovery, and interfered with Plaintiff's right to discovery.

Plaintiff's motion, however, includes no certification of any effort by Plaintiff to confer or attempt to confer with Flint Jr. to resolve the dispute at issue without court action. The Court must therefore deny the motion at this time. The denial will be without prejudice to Plaintiff refiling the motion after Plaintiff has made efforts to confer with Flint Jr. regarding the deposition questions. The Court will order Flint Jr. to communicate with Plaintiff's counsel on or before February 14, 2014, in an attempt to reach an agreement as to the least costly and most efficient manner by which Plaintiff can obtain Flint Jr.'s sworn answers to the questions that

---

[8] D. Kan. Rule 37.2. *See also Williams v. Bd. of Cnty. Comm'rs of Unified Gov't of Wyandotte Cnty. and Kan. City, Kan.*, 192 F.R.D. 698, 700 (D. Kan. 2000).
[9] Fed. R. Civ. P. 30(c)(2).
[10] *Id. See also Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995)).

Flint Jr. refused to answer as well as any related follow up questions, whether that involves written answers, Flint Jr. appearing for the continuation of his deposition at the offices of Plaintiff's counsel, or some other manner.

## IV.  Motion for Extension of Discovery End-Date (ECF No. 70)

Plaintiff requests that the deadline for the parties to complete discovery on all factual issues be extended for a period of forty-five days, from January 15, 2014 to March 1, 2014.[11]  No response or opposition was filed by any party.  Pursuant to D. Kan. Rule 7.4(b), if a responsive brief or memorandum is not filed, "the court will consider and decide the motion as an uncontested motion" and "ordinarily [ ] will grant the motion without further notice."  Fed. R. Civ. P. 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  Plaintiff states that the extension is necessary "to allow Plaintiff to conduct discovery after the pending discovery motions are decided.  The Court finds that Plaintiff has shown good cause for the requested extension, and concludes that the motion for extension of discovery end-date should be granted.

**IT IS THEREFORE ORDERED** that the Motion for a Short Extension of the Trial and Discovery Response Deadlines (ECF No. 42) is moot.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Motion for Sanctions or to Compel Answers to Requests for Admission, Interrogatories and Requests for Production of Documents (ECF No. 58) is granted in part and denied in part.  Defendants Howard S. Flint Jr. and Cyprus Mediterranean Amalgamated are ordered to serve responses to Plaintiff's Requests for Admission, Interrogatories and Requests for Production of Documents on or before February 14, 2014.

---

[11] See Am. Sched. Order, Dec. 5, 2013 (ECF No. 51).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions or to Compel Answers to Requests for Admission, Interrogatories and Requests for Production of Documents (ECF No. 52) is moot due to the filing of the Amended Motion.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions and to Compel Answers to Deposition Questions (ECF No. 65) is denied without prejudice to Plaintiff refiling the motion after it has satisfied its duty to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.  Defendant Howard S. Flint Jr. is ordered to communicate with Plaintiff's counsel on or before February 14, 2014, in an attempt to reach an agreement as to the least costly and most efficient manner by which Plaintiff can obtain Flint Jr.'s sworn answers to the questions that Flint Jr. refused to answer as well as any related follow up questions.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Discovery End-Date for a Period of 45 Days until March 1, 2014 (ECF No. 70) is granted as uncontested and for good cause shown.  The deadline for all discovery to be completed is hereby extended to March 1, 2014.  Further, the deadline to complete discovery on factual issues is hereby extended to March 1, 2014.

**IT IS FURTHER ORDERED** that the parties shall bear their own expenses related to the Motions.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 7th day of February, 2014.

s/Teresa J. James
Teresa J. James
United States Magistrate Judge