IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HARLEY-DAVIDSON )
CREDIT CORP., )
)
    Plaintiff, )
) CIVIL ACTION
v. )
) No. 13-2026-KHV
HOWARD S. FLINT, JR., et al., )
)
    Defendants. )
_____)

## MEMORANDUM AND ORDER

In this action to recover a balance due on a promissory note, defendant Howard S. Flint, Jr. ("Flint") has initiated arbitration, sought to compel the parties to arbitrate and ultimately dismissed the arbitration. He most recently moved to stay the dismissed arbitration pending the Court's determination of which parties are required to participate in arbitration and order compelling them to do so. This matter is before the Court on the following motions: (1) Defendants Howard S. Flint, Jr. And Cyprus Mediterranean Amalgamated, LLC's Motion To Stay These Proceedings And To Compel Arbitration (Doc. #31) filed June 21, 2013, and (2) Defendant Howard S. Flint, Jr.'s Motion To Stay Arbitration Proceedings Pending Judicial Determination Of The Parties Bound To The Arbitration Agreement (Doc. #64) filed January 1, 2014. For reasons set forth below the Court overrules both motions.

## Legal Standard

The arbitration that Flint initiated was conducted under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. The FAA authorizes a federal district court to compel arbitration when it would have jurisdiction over a suit on the underlying dispute and obligates the court to stay litigation on matters that the parties have agreed to arbitrate. See 9 U.S.C. §§ 4, 3. The FAA is a "congressional

declaration of a liberal federal policy favoring arbitration agreements." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). Despite its liberal policy, the FAA "does not require parties to arbitrate when they have not agreed to do so." Volt Info. Scis., Inc. v. Bd. of Trs., 489 U.S. 468, 478 (1989). Rather, courts must enforce agreements to arbitrate, like other contracts, in accordance with their terms. Id. Before the FAA can be invoked, a court must determine whether the parties reached an agreement to arbitrate. Avedon Eng'g, Inc. v. Seatex, 126 F.3d 1279, 1287 (10th Cir. 1997).

## **Factual And Procedural Background**

In June of 2007, Cyprus Mediterranean Amalgamated, LLC ("CMA") signed a promissory note in the amount of $144,000 in connection with a loan of that same amount from plaintiff's predecessor-in-interest, Eaglemark Savings Bank, to CMA for purchase of an airplane. Flint and Mary Jo Flint guaranteed that note. CMA defaulted and in 2012 plaintiff repossessed and sold the airplane. A deficiency balance remains and in this lawsuit, plaintiff seeks to recoup the balance. See Complaint (Doc. #1) filed January 15, 2013.

In answer to the complaint, Flint, Mary Jo Flint and CMA deny that Mary Jo Flint signed the guaranty in her name. See Answer Of Mary Jo Flint (Doc. #11) filed March 4, 2013; Defendants Howard Flint, Jr. And Cyprus Mediterranean Amalgamated, LLC's Answer To Plaintiff's Complaint (Doc. #18) filed March 13, 2013. Plaintiff then filed an amended complaint joining Howard S. Flint, Sr. as an additional defendant and including new claims for fraud and civil conspiracy. See Amended Complaint (Doc. #20) filed March 22, 2013.

On June 10, 2013, Flint and CMA sent a demand for arbitration to the FAA. See Doc. #31-1 at 8-10. The next day, they advised plaintiff of the demand. After Flint and CMA submitted additional materials that the FAA requested, it accepted the demand for arbitration. See Doc. #64-2.

On December 16, 2013, Flint and CMA voluntarily dismissed their arbitration demand. See Doc. # 72-2. Plaintiff filed a motion for fees pursuant to American Arbitration Association Rule 58, which permits an arbitrator to order appropriate sanctions where a party fails to comply with its obligations under these rules or with an order of the arbitrator. See Doc. #72-4. On January 7, 2014, the arbitrator issued an order clarifying that plaintiff's motion for fees was the only remaining matter for him to address and stating that he intends to issue a ruling on that motion. See Doc. #72-3.

**Analysis**

In light of the voluntary dismissal of the arbitration proceedings, the earlier motion by Flint and CMA to stay these proceedings and compel arbitration is moot. The Court overrules it on that basis.[1]

With respect to their motion to stay arbitration, which Flint and CMA filed after they voluntarily dismissed their demand for arbitration, it appears that they are attempting to avoid a potentially adverse fee ruling by the arbitrator. CMA and Flint recite hornbook law about federal district courts determining whether parties have entered into a contractually valid arbitration agreement and then ask this Court to stay the arbitration proceedings, identify who the parties to the arbitration should be and compel those yet-identified parties to arbitrate. See Defendant Howard S. Flint, Jr.'s Motion To Stay Arbitration Proceedings Pending Judicial Determination Of The Parties Bound To The Arbitration Agreement (Doc. #64) at 4-5.

---

[1] Flint and CMA also filed Defendants Howard S. Flint, Jr. And Cyprus Mediterranean Amalgamated, LLC's Motion For Leave To File A Sur-Reply (Doc. #54) on December 12, 2013, which stated that the proposed sur-reply was attached thereto. Instead of a brief, however, what is attached are the initial scheduling order from the arbitrator and a letter providing information about the arbitration process. The Court construes these documents as belated exhibits to Defendants Howard S. Flint, Jr. And Cyprus Mediterranean Amalgamated, LLC's Motion To Stay These Proceedings And To Compel Arbitration (Doc. #31) and not as an independent motion.

In his order of January 7, 2014, the arbitrator stated that after Flint and CMA voluntarily dismissed their demand for arbitration, a single set of issues remained: whether to sanction Flint and CMA for their failure to comply with their obligations in the arbitration and failure to comply with an order of the arbitrator. The posture of the arbitration is akin to that of a civil action which has been dismissed but the district court has yet to determine whether the party who dismissed the action is obligated to pay attorney fees and costs. Flint and CMA provide no authority for their request that this Court identify the parties to the dismissed arbitration and then compel such parties to arbitrate. Their frivolous request barely conceals an attempt to avoid a potentially adverse ruling on sanctions and the Court denies it.

**IT IS THEREFORE ORDERED** that <u>Defendants Howard S. Flint, Jr. And Cyprus Mediterranean Amalgamated, LLC's Motion To Stay These Proceedings And To Compel Arbitration</u> (Doc. #31) filed June 21, 2013 be and hereby is **OVERRULED** as moot.

**IT IS FURTHER ORDERED** that <u>Defendant Howard S. Flint, Jr.'s Motion To Stay Arbitration Proceedings Pending Judicial Determination Of The Parties Bound To The Arbitration Agreement</u> (Doc. #64) filed January 1, 2014 be and hereby is **OVERRULED**.

Dated this 12th day of February, 2014 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
