UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HARLEY-DAVISON CREDIT CORP., )
)
                Plaintiff, )
)
vs. )
) Case No. 13-CV-2026-KHV-TJJ
HOWARD S. FLINT, JR., et al., )
)
                Defendants. )

**MEMORANDUM AND ORDER**

The Court has before it Plaintiff's Motion to Strike Defendant Cyprus Mediterranean Amalgamated, LLC and Howard S. Flint Jr.'s Answer and Bar Defenses for Failure to Comply with Court's February 7, 2014 Order and Renewed Motion for Sanctions and to Compel Answers to Deposition Questions (ECF No. 79) (the "Motion to Strike"). Plaintiff requests an order:

    a) striking the answers of Defendant pro se Howard S. Flint Jr. and Defendant Cyprus Mediterranean Amalgamated, LLC ("CMA") and prohibiting them from supporting their defenses due to their failure to comply with the terms of the Court's February 7, 2014 Memorandum and Order (ECF No. 77) and due to Flint Jr.'s refusal to meet and confer with counsel for Plaintiff regarding his redeposition;

    b) awarding Plaintiff its reasonable expenses, including attorneys' fees, incurred in making the Motion to Strike; and

    c) compelling Flint Jr. to respond to all of Plaintiff's deposition questions at a redeposition to occur within seven (7) days at a location of Plaintiff's choosing within 50 miles of the Robert J. Dole Courthouse, with all of the parties' costs of attendance, as well as any appearance fees for transcription, to be at Flint Jr.'s expense.[1]

---

[1] Plaintiff also requested an extension of the deadline to complete all discovery in this action to April 1, 2014, along with a corresponding extension of the deadline for the pretrial order and a continuance of the final pretrial conference. The Court has already granted these extensions, see Am. Sched. Order, Mar. 10, 2014 (ECF No. 81).

1

The deadline to respond to the Motion to Strike ran on March 5, 2014. To date, there has been no response filed by any Defendant to the motion. On March 12, 2014, CMA's counsel filed a Motion to Stay Ruling on Plaintiff's Motion to Strike (ECF No. 82), which the Court will address in a separate order. The Court is ready to rule on the Motion to Strike. Upon review, the Court concludes that the Motion to Strike should be granted in part and denied in part.

### A. Request to Strike Answers and Bar Defenses for Failure to Comply with Order to Respond to Discovery

Plaintiff seeks an order striking the answers of Flint Jr. and CMA and barring them from supporting their defenses, for their failure to comply with the Court's February 7, 2014 order to respond to written discovery. Fed. R. Civ. P. 37(b)(2)(A) provides for a variety of sanctions for failing to obey an order to provide or permit discovery. Sanctions may include prohibiting claims or defenses, striking pleadings, and default judgment.[2] The court should diligently apply sanctions under Rule 37 both to penalize those who have engaged in sanctionable misconduct and to deter such conduct by others.[3] The sanction to be imposed should be the least severe of those available, which appears adequate to deter and punish the wrongdoer.[4] Due process mandates that the court refrain from imposing harsh sanctions for a discovery violation, except when the violation is "predicated upon 'willfulness, bad faith, or [some] fault of petitioner' rather than inability to comply."[5]

The discovery at issue, Plaintiff's First Sets of Requests for Admissions, Interrogatories, and Requests for Production of Documents, were served on Flint Jr. and CMA on June 24, 2013. Although Plaintiff agreed to several extensions of time for them to respond, when Flint Jr. and

---

[2] Fed. R. Civ. P. 37(b)(2)(A) (see also D. Kan. Rule 11.1(b), authorizing the imposition of sanctions for violation of a court order, including the sanctions of refusing to allow a party to support or oppose claims or defenses, striking pleadings, or rendering default judgment).
[3] *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 647 (D. Kan. 1999) (*citing Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1555 (10th Cir. 1996)).
[4] *Id*.
[5] *Id*. (*quoting Archibeque v. Atchison, T. & S.F. Ry.*, 70 F.3d 1172, 1174 (10th Cir. 1995)).

CMA had still not responded to Plaintiff's discovery by December 16, 2013, Plaintiff moved to compel their responses.[6] On February 7, 2014, this Court granted Plaintiff's motion to compel and ordered Flint Jr. and CMA "to serve responses to Plaintiff's Requests for Admission, Interrogatories, and Requests for Production of Documents on or before February 14, 2014."[7] On February 19, 2014, Plaintiff filed the instant motion, alleging that Flint Jr. and CMA had failed to respond in any way to the discovery at issue. Thereafter, on March 6, 2014, Plaintiff advised the Court that Flint Jr. and CMA had still failed to provide any responses to the discovery at issue, and had not contacted or responded to several emails from Plaintiff's counsel regarding the Motion.[8]

Nearly a month has passed since the February 14, 2014 deadline imposed by the Court, however the Court finds that Flint Jr. and CMA have failed to respond to Plaintiff's written discovery requests despite being ordered to do so, and despite repeated attempts by Plaintiff to elicit responses. Further, Flint Jr. and CMA's failure to respond has potential adverse effects on Plaintiff's ability to pursue its claims against the other Defendants in this action, as well its claims against Flint Jr. and CMA. As a result, the Court concludes that sanctions should be imposed. At this time, however, the Court declines to impose the harsh sanctions of striking the answers and barring the defenses of Flint Jr. and CMA.

Instead, pursuant to Rules 37(b)(2)(C) and 37(d)(3), the Court will order Flint Jr. and CMA to pay the expenses caused by their failure to timely respond to the written discovery, as set out in the following Section B, titled "Request for an Award of Reasonable Expenses." The Court will also order them to serve complete, substantive, and good-faith answers to Plaintiff's First Sets of Interrogatories and Requests for Production of Documents, on or before March 26,

---

[6] Pl.'s Am. Mot. for Sanctions or to Compel Answers, Dec. 16, 2013 (ECF No. 58).
[7] Mem. and Order, Feb. 7, 2014 (ECF No. 77).
[8] Notice, Mar. 6, 2014 (ECF No. 80).

2014. Further, pursuant to Rule 36(a)(3), all matters contained in Plaintiff's First Set of Requests for Admissions are deemed admitted as a result of Flint Jr. and CMA's failure to respond. *In addition, pursuant to Rules 37(b)(2)(A)(ii) and (iii) and D. Kan. Rules 11.1(b)(2) and (3), should either Flint Jr. or CMA fail to serve their responses as ordered, then upon the filing by Plaintiff of a notice certifying such failure and a finding by the Court of noncompliance, the noncompliant party or parties' answer(s) shall be stricken and the party's or parties' defenses shall be barred.*

### B. Request for an Award of Reasonable Expenses

Instead of or in addition to the sanctions provided in Rule 37(b)(2)(A) for failing to obey an order to provide or permit discovery, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust."[9] Rule 37(d)(3) also requires an award of reasonable expenses upon a failure to respond to interrogatories or a request for production.

As the Motion to Strike is uncontested, the Court finds no substantial justification for Flint Jr. and CMA's failure to obey the Court's February 7, 2014 Order, nor any other circumstances making an award of expenses unjust. The Court therefore will award Plaintiff its reasonable expenses in making the Motion to Strike, including reasonable attorneys' fees approved by the Court. To aid the Court in determining the proper amount of expenses and attorneys' fees to award, Plaintiff's counsel shall file, on or before March 24, 2014, an affidavit itemizing the expenses, including attorney's fees, incurred by Plaintiff in making the motion. Flint Jr., proceeding pro se, and counsel for CMA shall have until April 7, 2014 to file a response to the affidavit, if any.

---

[9] Fed. R. Civ. P. 37(b)(2)(C).

### C. Request to Compel Deposition

Plaintiff alleges that Flint Jr. refused to answer the majority of questions asked by Plaintiff's counsel at Flint Jr.'s deposition on December 17, 2013. Thus, Plaintiff has refiled its request for an order compelling Flint Jr. to respond to Plaintiff's deposition questions at a redeposition, with all of the costs of attendance at Flint Jr.'s expense. Plaintiff's original request was denied without prejudice for failing to include certification of any effort by Plaintiff to confer with Flint Jr. in an effort to resolve their dispute.[10] In denying the original request, however, the Court ordered Flint Jr. "to communicate with Plaintiff's counsel on or before February 14, 2014, in an attempt to reach an agreement as to the least costly and most efficient manner by which Plaintiff can obtain Flint Jr.'s sworn answers to the questions that Flint Jr. refused to answer as well as any related follow up questions."[11] Upon review, the Court concludes that the motion for an order compelling Flint Jr. to respond to Plaintiff's deposition questions at a redeposition, with all of the costs of attendance at Flint Jr.'s expense, now includes a certification showing the duty to confer has been met, and should be granted.

Defendant Howard S. Flint Sr. served his notice to depose Flint Jr. pursuant to Fed. R. Civ. P. 30(b)(6) on December 17, 2013 at 10:00 a.m.[12] Flint Jr. appeared for the deposition on said date, but did not answer the majority of questions posed to him at deposition by counsel for Plaintiff.[13] As his basis for refusing to answer the questions, Flint Jr. asserted either that the question was irrelevant, or that he was not required to answer the question because he of a belief that Plaintiff has failed to state a claim under Rule 12(c).[14]

---

[10] Mem. and Order at *6-8 (ECF No. 77).
[11] *Id.* at *9.
[12] Notice of Dep., Nov. 27, 2013 (ECF No. 49).
[13] *See* Ex. A at *74-117, Jan. 9, 2014 (ECF No. 65-1).
[14] *Id.*

First, regarding the duty to confer, Rule 37(a)(1) requires that a party moving to compel discovery include in its motion a certification that the movant has in good faith conferred or attempted to confer with the party in an effort to secure the discovery without court action. Similarly, D. Kan. Rule 37.2 provides that "[t]he Court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion." A "reasonable effort to confer" means more than mailing, faxing, or emailing a single letter to the opposing party; "[i]t requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so."[15]

Plaintiff has included a certification of its good faith attempt to confer with Flint Jr. in an effort to resolve the discovery issues related to a redeposition. Specifically, Plaintiff's counsel sent three emails to Flint Jr., on February 7, 10, and 12, 2014, in an effort to set up a conference call to schedule a redeposition pursuant to the Court's order. On February 18, 2014, following Flint Jr.'s failure to respond to any of the prior emails, Plaintiff's counsel sent a final email to Flint Jr. in an attempt to reschedule the deposition. Upon receiving no response to the final email, Plaintiff filed the instant motion.

Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(i), a party seeking discovery may move for an order compelling an answer if a deponent fails to answer a question asked at oral deposition. Flint Jr. has not presented any valid legal bases for his refusal to answer Plaintiff's questions. The rules applicable to depositions are clear. A witness may state an objection, which will be

---

[15] D. Kan. Rule 37.2. *See also Williams v. Bd. of Cnty. Comm'rs of Unified Gov't of Wyandotte Cnty. and Kan. City, Kan.*, 192 F.R.D. 698, 700 (D. Kan. 2000).

noted on the record, but the witness must then answer the question.[16]  A witness may not refuse to answer a question at deposition on the basis of relevance.[17]  Further, Rule 30 provides no basis to refuse to answer a question on a belief that the plaintiff has failed to state a claim under Rule 12(c) or Rule 12(b)(6).  Here, Flint Jr. stated his objections, but then refused to answer the questions.  His refusal to answer violated his obligation to submit to discovery, and interfered with Plaintiff's right to discovery.  Further, his refusal to answer has potential adverse effects on Plaintiff's ability to pursue its claims against the other Defendants in this action, as well as its claims against Flint Jr.  The Court, therefore, concludes that the motion for an order compelling Flint Jr. to respond to Plaintiff's deposition questions at a redeposition, with all of the costs of attendance at Flint Jr.'s expense, should be granted.  *In addition, should Flint Jr. fail to appear for the redeposition as ordered, then upon the filing by Plaintiff of a notice certifying such failure and a finding by the Court of noncompliance, his answer shall be stricken and his defenses shall be barred.*

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Defendant Cyprus Mediterranean Amalgamated, LLC and Howard S. Flint Jr.'s Answer and Bar Defenses for Failure to Comply with Court's February 7, 2014 Order and Renewed Motion for Sanctions and to Compel Answers to Deposition Questions (ECF No. 79) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Defendants Howard S. Flint Jr. and Cyprus Mediterranean Amalgamated, LLC are ordered to serve complete, substantive, and good-faith responses to Plaintiff's First Sets of Interrogatories and Requests for Production of Documents on or before **March 26, 2014**.  If either Flint Jr. or CMA fails to serve responses as ordered, then upon the filing by Plaintiff of a notice certifying such failure and a finding by the Court of

---

[16] Fed. R. Civ. P. 30(c)(2).
[17] *Id. See also Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995)).

noncompliance with this Order, the noncompliant party or parties' answer(s) shall be stricken and the party or parties' defenses shall be barred.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 36(a)(3), all matters contained in Plaintiff's First Set of Requests for Admissions are deemed admitted as a result of Flint Jr. and CMA's failure to respond.

**IT IS FURTHER ORDERED** that Plaintiff is awarded its reasonable expenses in making this motion, including any reasonable attorneys' fees approved by the Court. Plaintiff's counsel shall file, on or before **March 24, 2014**, an affidavit itemizing the reasonable expenses, including attorneys' fees, incurred by Plaintiff in making the Motion to Strike. Flint Jr. and counsel for CMA shall have until **April 7, 2014** to file a response to the affidavit.

**IT IS FURTHER ORDERED** that Defendant Howard S. Flint Jr. is hereby ordered to appear and answer all of Plaintiff's deposition questions at a redeposition. All of the reasonable costs of attendance, including reasonable attorneys' fees, as well as any appearance fees for transcription, shall be at Flint Jr.'s expense to the extent authorized by the Court. The redeposition shall be held on or before **March 26, 2014** at a location of Plaintiff's choosing within fifty miles of the Robert J. Dole Courthouse. If Flint Jr. fails to appear and answer Plaintiff's questions as ordered, then upon the filing of a notice by Plaintiff certifying such failure and a finding by the Court of noncompliance with this Order, his answer shall be stricken and his defenses shall be barred.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 12th day of March, 2014.

s/ Teresa J. James
Teresa J. James
United States Magistrate Judge
