UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HARLEY-DAVISON CREDIT CORP., )
)
                    Plaintiff, )
)
vs. )
)   Case No. 13-CV-2026-KHV-TJJ
HOWARD S. FLINT, JR., et al., )
)
                    Defendants.

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Strike Defendant Howard S. Flint Junior's Affirmative Defenses and Bar Introduction of Documents as Exhibits at Trial (ECF No. 99). Plaintiff requests an order:

> a) striking the affirmative defenses of Defendants Howard S. Flint Jr. ("Flint, Jr.") and Cyprus Mediterranean Amalgamated, LLC ("CMA");
> b) prohibiting them from supporting their defenses in the instant matter with any documents not produced as of May 5, 2014 due to their failure to comply with the terms of the Court's February 7, March 12, and April 21, 2014 Orders; and
> c) awarding Plaintiff its reasonable expenses, including attorneys' fees, incurred in connection with the instant Motion.

Defendants Flint Jr. and CMA's deadline to respond to Plaintiff's Motion to Strike was May 20, 2014. To date, neither Defendant has filed a response. On May 20, 2014, Plaintiff filed a Supplement to its Motion to Strike (ECF No. 101), advising the Court of a responsive email it received from Flint Jr. Upon consideration of the matter, the Court finds that Plaintiff's Motion to Strike should be granted.

The subject matter of the instant motion is the same as that which Plaintiff has raised in earlier filings[1] and the Court has considered and ruled upon.[2] It its Memoranda and Orders, the

---

[1] *See* Plaintiff's Motion for Sanctions or to Compel Answers to Requests for Admission, Interrogatories and Requests for Production of Documents (ECF No. 52); Plaintiff's Amended

1

Court has detailed the history and timing of Plaintiff's written discovery requests and need not do so again.  Plaintiff's motion provides updated information with regard to Flint Jr. and CMA's failure to comply with their discovery obligations, which the Court accepts as true in the absence of a response by either of these Defendants.

In its Order dated March 12, 2014, the Court imposed a deadline of March 26, 2014, for Flint Jr. and CMA to serve complete, substantive, and good-faith responses to Plaintiff's First Sets of Interrogatories and Requests for Production of Documents, and for Flint Jr. to appear and answer Plaintiff's questions at a redeposition.[3]  The Court further ordered that noncompliance would result in an order striking Flint Jr. and/or CMA's answer(s) and barring defenses.[4]  On April 7, 2014, Plaintiff's counsel filed a certification attesting to Flint Jr.'s continued noncompliance.[5]  On April 15, 2014, the Court held a hearing during which Flint Jr. agreed to appear for redeposition on April 25, 2014, and to provide his own responses and CMA's

---

motion for Sanctions or to Compel Answers to Requests for Admission, Interrogatories and Requests for Production of Documents (ECF No. 58); Plaintiff's Motion for Sanctions and to Compel Answers to Deposition Questions (ECF No. 65); Plaintiff's Motion to Strike Defendant Cyprus Mediterranean Amalgamated, LLC and Howard S. Flint Jr.'s Answer and Bar Defenses for Failure to Comply with Court's February 7, 2014 Order and Renewed Motion for Sanctions and to Compel Answers to Deposition Questions (ECF No. 79); and Certification of Defendants Howard S. Flint Jr. and Cyprus Mediterranean Amalgamated, LLC's Noncompliance with March 12, 2014 Memorandum and Order (ECF No. 87).

[2] *See* Memorandum and Order (ECF No. 77); Memorandum and Order (ECF No. 83); Order Regarding Payment of Reasonable Expenses (ECF No. 90); and Minute Entry (ECF No. 93).

[3] ECF No. 83 at 7-8.

[4] *Id.*  The Court also ordered that all matters contained in Plaintiff's First Set of Requests for Admissions are deemed admitted as a result of Flint Jr. and CMA's failure to respond.

[5] ECF No. 86.

responses to Plaintiff's written discovery.[6] The Court warned Flint Jr. that failure to abide by his agreement would result in an Order barring defenses and striking answer(s).[7]

Plaintiff now represents that Flint Jr. did appear for redeposition on April 25, 2014, and he also provided responses to written discovery. Plaintiff asserts that the responses were materially deficient, however, as Flint Jr. produced no documents and his interrogatory answers contain no factual claims to support the denials and affirmative defenses contained in his pleadings. In sum, Defendant Flint Jr. asserts core defenses against Plaintiff that the signatures on the loan documents are forgeries and that he does not owe Plaintiff any money, but he fails to supply facts or documents to support his defenses. Because Flint Jr. had agreed to respond to written discovery on his own behalf and on behalf of CMA, these deficiencies apply to both Defendants.[8]

Defendant Flint Jr. states in his discovery responses that he is unable to obtain documents because a restraining order is in place which prevents him from contacting Defendant Mary Jo Flint and from entering his home.[9] In support of his assertion, Flint Jr. attaches an undated copy of a "No Contact" Order directed to him from the Johnson County, Kansas District Court in Case No. 14DV00247. The order directs him to refrain from contacting Mary Jo Flint but does not address his access to property. The Johnson County, Kansas District Court electronic records

---

[6] *See* ECF No. 93.

[7] *Id.*

[8] In his answers to Plaintiff's First Set of Interrogatories, Flint Jr. does not set forth the interrogatory immediately before his corresponding answer as required by D. Kan. R. 33.2. *See* ECF No. 99-3. In its motion, however, Plaintiff lists each deficient interrogatory answer and identifies what the interrogatory asks. *See* ECF No. 99 at 4-5.

[9] *See* ECF No. 99-3.

indicate that the "No Contact" Order was entered on February 27, 2014.  In docket entries dated March 26 and June 6, 2014, the records indicate that Flint Jr. "may retrieve personal property."[10]  Accordingly, the Court finds that Flint Jr. had the ability to retrieve the documents responsive to Plaintiff's discovery requests but failed to do so.

The Court has twice warned Defendant Flint Jr. that if he or CMA failed to serve their responses as ordered and the Court found one or both to be noncompliant, the noncompliant party or parties' answer(s) would be stricken and the party's or parties' defenses would be barred.[11]  The Court recognizes the harshness of this sanction and the standards for imposing it:

> Rule 37(b)(2) authorizes the district court to strike pleadings or render a default judgment against a party as a sanction for failure to comply with a discovery order.  Fed. R. Civ. P. 37(b)(2).  Because this constitutes an extreme sanction, the court ordinarily must consider a number of factors before imposing it, including: (1) the degree of actual prejudice to the other party, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.[12]

In this case, Plaintiff has suffered prejudice because it cannot prepare for trial without the requested discovery, which goes to the heart of Flint Jr.'s defense that the signatures on the loan documents are forgeries.  Moreover, Flint Jr.'s refusal to provide discovery has interfered with the judicial process by causing significant delays, increasing costs, and precluding the parties' required joint submissions.  While the Court was extremely lenient in allowing Flint Jr. more time to comply with his discovery obligations, the Court finds that his refusal to answer Plaintiff's questions at his first deposition, his wholly inadequate interrogatory answers, and his

---

[10] The Johnson County, Kansas District Court records are available at http://www.jococourts.org.

[11] *See* ECF Nos. 83, 93.

[12] *United States of American v. $49,888.00 in United States Currency*, Case No. 06-1232-KMH, 2007 WL 1795349, at *1 (D. Kan. June 19, 2007) (internal citation omitted).

refusal to provide documents were wilful acts. As noted above, the Court has given Flint Jr. warnings on two earlier occasions that this sanction would be imposed. Finally, lesser sanctions already proved ineffective because it appears that neither Flint Jr. nor CMA has paid the monetary sanction the Court imposed in its order dated April 13, 2014.[13] Accordingly, the Court concludes that such a sanction is warranted in this case.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Defendant Howard S. Flint Junior's Affirmative Defenses and Bar Introduction of Documents as Exhibits at Trial (ECF No. 99) is **GRANTED**. The Court **STRIKES** Defendants Howard S. Flint, Jr. and Cyprus Mediterranean Amalgamated, LLC's Answer to Plaintiff's Amended Complaint (ECF No. 23) and **PROHIBITS** Defendants Howard S. Flint, Jr. and Cyprus Mediterranean Amalgamated, LLC from supporting their defenses or from introducing evidence in support of their defenses.

**IT IS FURTHER ORDERED** that Plaintiff is awarded its reasonable expenses in making this motion, including any reasonable attorneys' fees approved by the Court. Plaintiff's counsel shall file, on or before **June 27, 2014**, an affidavit itemizing the reasonable expenses, including attorneys' fees, incurred by Plaintiff in making the Motion to Strike. Flint Jr. and CMA[14] shall have until **July 11, 2014** to file a response to the affidavit.

**IT IS SO ORDERED.**

Dated this 17th day of June, 2014 in Kansas City, Kansas.

s/ Teresa J. James
Teresa J. James
United States Magistrate Judge

---

[13] ECF No. 90.

[14] CMA may file documents only through counsel who has entered an appearance on its behalf.

5