# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HARLEY-DAVIDSON CREDIT CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )    Case No. 13-CV-2026-KHV-TJJ |
| HOWARD S. FLINT, JR., et al., | ) |
| | ) |
| Defendants. | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Howard S. Flint, Jr.'s Motion for Reconsideration/Modification of June 17, 2014 Memorandum and Order (ECF No. 104). In his motion, Howard S. Flint, Jr. ("Flint, Jr.") asks the Court to reconsider its order which struck the affirmative defenses and prohibited the introduction of evidence in support thereof by Defendants Flint, Jr. and Cyprus Mediterranean Amalgamated, LLC.[1] As set forth below, the Court denies Defendant Flint, Jr.'s motion to reconsider.

Under D. Kan. Rule 7.3(b), a party seeking reconsideration of a non-dispositive order must file a motion within 14 days after the order is filed, unless the Court extends the time. Defendant Flint, Jr. filed his motion to reconsider nine days after the Court entered its order. It is therefore timely.

A motion to reconsider a non-dispositive order must be based on (1) an intervening change in controlling law, (2) the availability of new evidence or (3) the need to correct clear error or prevent manifest injustice.[2] A motion to reconsider is only appropriate where the Court has obviously misapprehended a party's position, the facts or applicable law, or where the party

---

[1] *See* Memorandum and Order (ECF No. 102).

[2] D. Kan. Rule 7.3(b).

1

produces new evidence that it could not have obtained earlier through the exercise of due diligence.[3]  A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed.[4]  A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.[5]  Whether to grant a motion to reconsider is left to the Court's discretion.

Defendant Flint, Jr. does not claim that an intervening change in controlling law has occurred, nor does he assert that new evidence is available.  Instead, he contends that there is a need to correct manifest mistakes and omissions of fact, and he cites his temporary ban from his residence as a justification for his failure to produce documents in response to Plaintiff's discovery requests.  The Court was aware of the temporary no contact order, but at no time has Defendant Flint, Jr. explained why he did not ask a third party to obtain those documents for him.  Defendant Flint, Jr. had many chances to avoid the sanction the Court ultimately imposed, and the Court warned him on more than one occasion that his continued refusal to comply with his discovery obligations could bring about this very result.  Yet Defendant Flint, Jr. never filed a motion seeking additional time to respond to or comply with discovery requests.  No clear error has occurred, nor has the Court's order caused manifest injustice.

**IT IS THEREFORE ORDERED** that Defendant Howard S. Flint, Jr.'s Motion for Reconsideration/Modification of June 17, 2014 Memorandum and Order (ECF No. 104) is **DENIED**.

---

[3] *Comeau v. Rupp*, 810 F. Supp. 1172, 1174-75 (D. Kan. 1992).

[4] *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994).

[5] *Cline v. S. Star Cent. Gas Pipeline, Inc.,* 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005).

**IT IS SO ORDERED.**

Dated this 3rd day of July, 2014 in Kansas City, Kansas.

<u>s/  Teresa J. James</u>
Teresa J. James
United States Magistrate Judge